# EXHIBIT A

PANSINI & MEZROW
BY:   MICHAEL O. PANSINI, ESQUIRE
I.D.   #44455
BY:   GREGORY J. KOWALSKI, ESQUIRE
I.D.   #54271
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
(215) 732-5555

THIS IS A MAJOR JURY TRIAL

Filed and Attested by the
Office of Judicial Records
11 FEB 2019 10:24 am
A. SILIGRINI

**Attorneys for Plaintiff**

| | | |
|---|---|---|
| BRIAN VICARI | : | COURT OF COMMON PLEAS |
| 36 Harding Highway | : | COUNTY OF PHILADELPHIA |
| Newfield, NJ 08344 | : | CIVIL TRIAL DIVISION |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| LeMOND FITNESS, INC. | : | |
| 17280 Woodenville-Redmond Road | : | |
| Building B - Suite 888 | : | |
| Woodenville, WA 98072 | : | |
| and | : | |
| HOIST FITNESS SYSTEMS, INC. | : | |
| 11900 Community Road | : | |
| Poway, CA 92064 | : | |
| and | : | |
| LIFE FITNESS | : | NO. |
| 9525 Bryn Mawr Avenue | : | |
| Rosemont, IL 60018 | : | |

## CIVIL ACTION COMPLAINT - NOTICE TO DEFEND
### 2P - PRODUCTS LIABILITY

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede dicidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 190200788

PANSINI & MEZROW
BY:   MICHAEL O. PANSINI, ESQUIRE          THIS IS A MAJOR JURY TRIAL
I.D.   #44455
BY:   GREGORY J. KOWALSKI, ESQUIRE
I.D.   #54271
1525 Locust Street, 15th Floor
Philadelphia, PA 19102                     **Attorneys for Plaintiff**
(215) 732-5555

| | | |
|---|---|---|
| BRIAN VICARI | : | COURT OF COMMON PLEAS |
| 36 Harding Highway | : | COUNTY OF PHILADELPHIA |
| Newfield, NJ 08344 | : | CIVIL TRIAL DIVISION |
| | : | |
| vs. | : | |
| | : | |
| LeMOND FITNESS, INC. | : | |
| 17280 Woodenville-Redmond Road | : | |
| Building B - Suite 888 | : | |
| Woodenville, WA 98072 | : | |
| and | : | |
| HOIST FITNESS SYSTEMS, INC. | : | |
| 11900 Community Road | : | |
| Poway, CA 92064 | : | |
| and | : | |
| LIFE FITNESS | : | NO. |
| 9525 Bryn Mawr Avenue | : | |
| Rosemont, IL 60018 | : | |

## CIVIL ACTION COMPLAINT
## 2P - PRODUCTS LIABILITY

1.  Plaintiff, Brian Vicari, is a citizen of the State of Jersey, residing at 36 Harding

Highway, Newfield, NJ 08344.

2.      Defendant, LeMond Fitness, Inc., is a foreign corporation authorized to do

business in the Commonwealth of Pennsylvania with a business license in the

Commonwealth of Pennsylvania, and which regularly conducts business in Philadelphia

County, with an office located at 17280 Woodenville-Redmond Road, Building B - Suite

888, Woodenville, WA 98072.

3.      Defendant, LeMond Fitness, Inc., is engaged in the business of

manufacturing, distributing, marketing, selling and/or servicing fitness products including stationary exercise bikes.

4.    Defendant, Hoist Fitness Systems, Inc., is a foreign corporation authorized to do business in the Commonwealth of Pennsylvania with a business license in the Commonwealth of Pennsylvania, and which regularly conducts business in Philadelphia County, with an office located at 11900 Community Road, Poway, CA 92064.

5.    Defendant, Hoist Fitness Systems, Inc., is engaged in the business of manufacturing, distributing, marketing, selling and/or servicing fitness products including stationary exercise bikes and is the successor to LeMond Fitness, Inc.  As such, Defendant, Hoist Fitness Systems, Inc., became liable for all products liability and other tort claims made against LeMond Fitness, Inc., for the following reasons:

    (a)    Defendant, Hoist Fitness Systems, Inc., agreed implicitly or explicitly to assume all obligations of LeMond Fitness, Inc.;

    (b)    The purchase by Defendant, Hoist Fitness Systems, Inc. of LeMond Fitness, Inc. constituted a merger of the two entities;

    (c)    Defendant, Hoist Fitness Systems, Inc., sold and continues to sell fitness products including stationary exercise bikes and other products previously manufactured by LeMond Fitness, Inc. under the same or substantially the same trade names with the same or substantially the same personnel;

    (d)    Defendant, Hoist Fitness Systems, Inc.'s acquisition of Euclid, Inc. was entered into with the intent to escape any liability by LeMond Fitness, Inc. for product liability and other tort claims.  For the purposes of this Complaint, Defendant, Hoist Fitness Systems, Inc., includes any corporate subsidiary, affiliate or predecessor for whose acts or omissions, as alleged herein, Defendant is liable as successor; and/or

    (e)    Defendant, Hoist Fitness Systems, Inc., by and through its authorized counsel, stipulated of record that for the purpose

2

of this litigation, Defendant admits that it is the successor in interest to LeMond Fitness, Inc. for the purpose of successor liability issues with respect to the product at issue.

6.      Defendant, Life Fitness, is a foreign corporation authorized to do business in the Commonwealth of Pennsylvania with a business license in the Commonwealth of Pennsylvania, and which regularly conducts business in Philadelphia County, with an office located at 9525 Bryn Mawr Avenue, Rosemont, IL 60018.

7.      Defendant, Life Fitness, is engaged in the business of manufacturing, distributing, marketing, selling and/or servicing fitness products including stationary exercise bikes.

8.      On or about April 14, 2017, Plaintiff, Brian Vicari, was using and/or operating Life Fitness LeMond RevMaster bike, Serial Number LF05020309685 at the gym facility at his work place located at International Plaza, 2 International Place, Suite 645, Philadelphia, PA 19113 when one of the pedals suddenly and without warning separated from the stationary bike.

9.      At the time and location described above, Plaintiff, Brian Vicari, was caused to be thrown from the stationary bike when the pedal separated from the product thereby causing the injuries hereinafter averred and described.

10.     The Life Fitness LeMond RevMaster bike, Serial Number LF05020309685 (hereinafter also referred to as the "subject bike") was purchased from and through the Defendants, LeMond Fitness, Inc., Hoist Fitness Systems, Inc. and Life Fitness.

11.     The subject bike was manufactured, distributed, marketed, sold and/or serviced by Defendants, LeMond Fitness, Inc., Hoist Fitness Systems, Inc. and Life Fitness.

3

12.     As a result of the culpable conduct of the Defendants hereinafter described, Plaintiff, Brian Vicari, suffered severe and permanent injuries to his head, neck, back, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, elbows, shoulders, fingers, and legs; including but not limited to injuries to lumbar radiculopathy at L5-S1 root level, bulging discs at L3-S1, L3-L4 and L4-L5, lumbar spine strain and sprain, nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, Brian Vicari, suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, Brian Vicari, believes and therefore avers that his injuries are permanent in nature.

13.     As a result of the aforesaid occurrence, the Plaintiff, Brian Vicari, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

14.     As a result of the aforesaid occurrence, the Plaintiff, Brian Vicari, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to him great detriment and loss.

15.     As a result of the aforesaid occurrence, the Plaintiff, Brian Vicari, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same

4

for an indefinite period of time in the future.

## COUNT I
### BRIAN VICARI vs. LeMOND FITNESS, INC.

16.     Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

17.     Defendant designed, manufactured, supplied and/or sold the subject bike in the ordinary course of Defendant's business.

18.     At all times relevant hereto, the subject   bike   was defective and unreasonably dangerous when put to a reasonably anticipated use, resulting in the injuries hereinbefore alleged.

19.     The subject bike was used in a manner reasonably anticipated by the Defendant.

20.     Defendant are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

21.     At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of a design defect and/or manufacturing defect and/or the failure to warn of defects.

22.     At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of the absence of proper warnings, notice and/or instruction to customers, users and foreseeable individuals as to the hazards of using the subject bike.

23.     The defective conditions of the subject bike were the proximate cause of Plaintiff, Brian Vicari's injuries as hereinbefore alleged.

5

24.     As a result of the culpable conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

WHEREFORE, Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

**COUNT II**
**BRIAN VICARI V. LeMOND FITNESS, INC.**

25.     Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

26.     The carelessness and negligence of the Defendant consisted of the following acts and/or omissions:

    (a)    failing to properly inspect the subject bike;

    (b)    failing to design, manufacture, and sell the subject bike in a manner so as to render it safe for its intended purpose;

    (c)    failing to include into the design of the subject bike any safeguard, fail-safe devices and/or systems of safety features which would have prevented injuries to the Plaintiff;

    (f)    failing to warn users of the defective and/or hazardous condition(s) of which Defendant was aware or should have been aware;

    (g)    failing to correct, remedy, repair, and/or eliminate the defective and/or hazardous condition(s) when Defendant was aware or should have been aware;

6

(h)     allowing and committing the aforesaid defect(s) to remain in the subject bike so as to constitute a menace, danger, nuisance, trap and/or hazard to persons using the subject bike;

(i)     failure to provide sufficient warnings as to the foreseeable defects in the subject bike;

(j)     failing to test and/or inspect the subject bike to determine whether said product could be used for its intended purpose without injury to those persons who it is foreseeable could be injured and/or harmed while using the subject bike.

(k)     Providing the subject bike with a manufacturing defect.

27.     Defendant's negligence was a proximate cause of Plaintiff's injuries.

28.     As result of the negligent conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

**WHEREFORE,** Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

## COUNT III
## BRIAN VICARI vs. HOIST FITNESS SYSTEMS, INC.

29.     Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

30.     Defendant designed, manufactured, supplied and/or sold the subject bike in the ordinary course of Defendant's business.

31.     At all times relevant hereto, the subject bike was defective and unreasonably

7

dangerous when put to a reasonably anticipated use, resulting in the injuries hereinbefore alleged.

32.     The subject bike was used in a manner reasonably anticipated by the Defendant.

33.     Defendant are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

34.     At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of a design defect and/or manufacturing defect and/or the failure to warn of defects.

35.     At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of the absence of proper warnings, notice and/or instruction to customers, users and foreseeable individuals as to the hazards of using the subject bike.

36.     The defective conditions of the subject bike were the proximate cause of Plaintiff, Brian Vicari's injuries as hereinbefore alleged.

37.     As a result of the culpable conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

8

**COUNT IV**
**BRIAN VICARI V. HOIST FITNESS SYSTEMS, INC.**

38.     Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

39.     The carelessness and negligence of the Defendant consisted of the following acts and/or omissions:

(a)   failing to properly inspect the subject bike;

(b)   failing to design, manufacture, and sell the subject bike in a manner so as to render it safe for its intended purpose;

(c)   failing to include into the design of the subject bike any safeguard, fail-safe devices and/or systems of safety features which would have prevented injuries to the Plaintiff;

(f)   failing to warn users of the defective and/or hazardous condition(s) of which Defendant was aware or should have been aware;

(g)   failing to correct, remedy, repair, and/or eliminate the defective and/or hazardous condition(s) when Defendant was aware or should have been aware;

(h)   allowing and committing the aforesaid defect(s) to remain in the subject bike so as to constitute a menace, danger, nuisance, trap and/or hazard to persons using the subject bike;

(i)   failure to provide sufficient warnings as to the foreseeable defects in the subject bike; and,

(j)   failing to test and/or inspect the subject bike to determine whether said product could be used for its intended purpose without injury to those persons who it is foreseeable could be injured and/or harmed while using the subject bike.

(k)   Providing the subject bike with a manufacturing defect.

9

40.    Defendants' negligence was a proximate cause of Plaintiff's injuries.

41.    As result of the negligent conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

### COUNT V
### BRIAN VICARI vs. LIFE FITNESS

42.    Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

43.    Defendant designed, manufactured, supplied and/or sold the subject bike in the ordinary course of Defendant's business.

44.    At all times relevant hereto, the subject bike was defective and unreasonably dangerous when put to a reasonably anticipated use, resulting in the injuries hereinbefore alleged.

45.    The subject bike was used in a manner reasonably anticipated by the Defendant.

46.    Defendant are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

47.    At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of a design defect

10

and/or manufacturing defect and/or the failure to warn of defects.

48.     At the time the Defendant placed the subject bike into the stream of commerce, the subject bike was in a defective condition by reason of the absence of proper warnings, notice and/or instruction to customers, users and foreseeable individuals as to the hazards of using the subject bike.

49.     The defective conditions of the subject bike were the proximate cause of Plaintiff, Brian Vicari's injuries as hereinbefore alleged.

50.     As a result of the culpable conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

## COUNT VI
## BRIAN VICARI V. LIFE FITNESS

51.     Plaintiff, Brian Vicari, hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

52.     The carelessness and negligence of the Defendant consisted of the following acts and/or omissions:

        (a)     failing to properly inspect the subject bike;

        (b)     failing to design, manufacture, and sell the subject bike in a manner so as to render it safe for its intended purpose;

11

(c)     failing to include into the design of the subject bike any safeguard, fail-safe devices and/or systems of safety features which would have prevented injuries to the Plaintiff;

(f)     failing to warn users of the defective and/or hazardous condition(s) of which Defendant was aware or should have been aware;

(g)     failing to correct, remedy, repair, and/or eliminate the defective and/or hazardous condition(s) when Defendant was aware or should have been aware;

(h)     allowing and committing the aforesaid defect(s) to remain in the subject bike so as to constitute a menace, danger, nuisance, trap and/or hazard to persons using the subject bike;

(i)     failure to provide sufficient warnings as to the foreseeable defects in the subject bike; and,

(j)     failing to test and/or inspect the subject bike to determine whether said product could be used for its intended purpose without injury to those persons who it is foreseeable could be injured and/or harmed while using the subject bike.

(k)     Providing the subject bike with a manufacturing defect.

53.    Defendant's negligence was a proximate cause of Plaintiff's injuries.

54.    As result of the negligent conduct of Defendant and its agents, servants, workers and/or employees as alleged herein, the Plaintiff, Brian Vicari, suffered the injuries and damages as set forth above.

12

Case ID: 190200788

**WHEREFORE**, Plaintiff, Brian Vicari, demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages and such other relief as the Court may deem appropriate.

**Respectfully submitted,**

**PANSINI & MEZROW**

DATE:   <u>February 9, 2019</u>      BY:   <u>/s/ MICHAEL O. PANSINI</u>
                                                  **MICHAEL O. PANSINI, ESQUIRE**
                                                  **GREGORY J. KOWALSKI, ESQUIRE**
                                                  **Attorneys for Plaintiff**

Case ID: 190200788